Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff*,
*Briana Valdez*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA VALDEZ<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SYNCHRONY BANK,<br><br>　　　　Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　　1. **TCPA, 47 U.S.C. § 227**<br>　　2. **RFDCPA, Cal. Civ. Code § 1788**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Briana Valdez ("Plaintiff"), through her attorneys, alleges the following against Defendant, Synchrony Bank, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Palmdale, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a creditor engaged in the business of giving loans with its principal place of business located in Draper, Utah. Defendant can be served with process at 170 West Election Road, Suite 125, Draper, UT 84020.

9. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f).

13. On or about October 15, 2015, Defendant began placing calls to Plaintiff's cellular phone number (661) 361-9567, in an attempt to collect a debt.

14. Upon information and belief, the calls mainly originated from (866) 450-2324, (877) 433-5001, and (877) 317-5659; these numbers are owned or operated by Defendant.

15. On or about October 15, 2015 at 6:20pm, Plaintiff answered a call from Defendant originating from telephone number (866) 450-2324; Plaintiff heard a long pause playing before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant's agent informed Plaintiff that they were attempting to collect a debt, and Plaintiff told the agent that she did not want to be contacted on her cellular phone any further.

17. On October 26, 2015 at 10:52am, Defendant called Plaintiff on her cellular phone at from (877)433-5001 and Plaintiff, again, revoked consent to be contacted further.

18. On the same day, October 26, 2015, Defendant called Plaintiff three (3) more times: 1:53pm, 5:35pm, and 6:50pm.

19. On October 27, 2015 at 10:52am, Defendant called Plaintiff on her cellular phone at from (866)540-2324 and Plaintiff, again, revoked consent to be contacted further.

20. On the same day, October 27, 2015, Defendant called Plaintiff again at 4:46pm.

21. Defendant called Plaintiff almost every day between October 15, 2015 and December 4, 2016, usually multiple times per day.

22. On November 13 2015, Defendant called Plaintiff's cellular phone five (5) more times at 8:05am, 10:53am, 12:50pm, 4:14pm, and 6:47pm.

23. Defendant called Plaintiff's cellular phone on numerous occasions.

24. Defendant frequently called Plaintiff more than three times in one day.

25. Over the course of the two (2) month period between October 15, 2015 and December 4, 2015, Defendant called Plaintiff approximately one-hundred and forty-five (145) times.

26. The multiple calls each day from Defendant caused Plaintiff severe emotional distress and mental anguish.

27. The multiple calls each day caused Plaintiff to unnecessarily use her cell phone minutes on the unlawful calls.

28. The aggressive nature of the calls made it clear that Defendant was seeking collection from Plaintiff and would not stop calling her no matter how many times she asked them.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made

COMPLAINT AND DEMAND FOR JURY TRIAL
- 5 -

for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//
//
//
//

# COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pressure her sister to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Briana Valdez, respectfully requests judgment be entered against Defendant, Synchrony Bank, for the following:

    A. Declaratory judgment that Defendant violated the RFDCPA;

    B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

    C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

    D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: August 31, 2016

By:*/s/ Stuart Price*
Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL
- 9 -